UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE ANTROBUS,

                    Plaintiff,

        -against-

CITY OF NEW YORK; RIKERS ISLAND
CYNTHIA BRANN; WARDEN MICHELLE
HALLON,

                    Defendants.

21-CV-2925 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Andre Antrobus is currently detained at the Eric M. Taylor Center and appears *pro se*. Plaintiff seeks to proceed *in forma pauperis* (IFP), that is, without prepaying the filing fee.[1] But because Plaintiff has brought at least three prior actions that were dismissed for failure to state a claim on which relief can be granted, he is barred under 28 U.S.C. § 1915(g) from bringing a new action IFP while a prisoner. *See Antrobus v. Wright*, No. 13-CV-3804 (LAP) (S.D.N.Y. Oct. 22, 2013).[2]

    For the reasons discussed below, the Court directs Plaintiff to show cause, by filing a declaration within 30 days, why it should not deny his IFP application under § 1915(g) and dismiss this action without prejudice.

---

[1] Plaintiff handwrote his request to proceed IFP. (ECF 1 at 7.) The Court attaches to this order an amended IFP Application for Plaintiff to complete and submit if he files the other documents (a prisoner authorization and declaration) required to proceed with this action.

[2] The order finding Plaintiff barred under § 1915(g) relied on three earlier cases: *Antrobus v. Dep't of Corrs. of Rikers Island*, No. 12-2372-pr (2d Cir. Nov. 13, 2012) (appeal, filed while a prisoner, dismissed as frivolous); *Antrobus v. Rameau*, No. 11-CV-5273 (LAP) (S.D.N.Y. Sept. 14, 2011) (complaint under 42 U.S.C. § 1983 against criminal defense counsel, filed while detained at GRVC on pending criminal charges, dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Antrobus v. Project Moving On*, No. 11-CV-1621 (LAP) (S.D.N.Y. Apr. 21, 2011) (entire action, filed while detained at AMKC, dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim).

**DISCUSSION**

The Prison Litigation Reform Act's "three strikes" bar provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[A] prisoner can proceed IFP even after incurring three strikes if his complaint alleges an 'imminent danger of serious physical injury.'" *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (quoting 28 U.S.C. § 1915(g)). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). An imminent danger must "exis[t] at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). Moreover, courts "should not make an overly detailed inquiry into whether the allegations qualify for the exception" because § 1915(g) "concerns only a threshold procedural question" about when payment for the filing fee is to be made. *Chavis*, 618 F.3d at 169.

Here, Plaintiff brings two unrelated claims. First, he alleges that he slipped and fell on March 18, 2021, because he was wearing sneakers issued by the New York City Department of Correction. (ECF 1 at 3.) He now wears a "makeshift boot," but he has not been issued a cane or "medical access item." (*Id.*) Second, on March 22, 2021, another inmate attacked Plaintiff with a stick and cut him with a shank. Plaintiff asserts a claim for Defendants' failure to protect him, and he further alleges that his medical treatment consisted of a "used ice pack." (ECF 1 at 3.) The medical unit did not take x-rays of Plaintiff's arm, and he "had to bandage" it himself. (*Id.*) Plaintiff seeks damages.

Allegations of past violence can satisfy the imminent danger exception when, for example, the past harms are part of an ongoing pattern of acts. *Chavis*, 618 F.3d at 169-170. But

2

the allegations of Plaintiff's complaint do not suggest that he is presently in imminent danger of serious physical harm or that he seeks relief in connection with an ongoing danger.

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands).

The Court therefore grants Plaintiff leave to submit a declaration showing that he is in imminent danger of serious physical injury and that in this complaint he seeks relief in connection with that danger. If Plaintiff fails to respond to this order, or if his declaration does not show that the imminent danger exception applies, the Court will deny Plaintiff's IFP application and dismiss this action without prejudice.[3]

Plaintiff must also submit, within 30 days, a prisoner authorization form, authorizing that his prison account be debited in installments for the $350.00 filing fee.

## CONCLUSION

The Court directs this Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court directs Plaintiff to file a declaration, within thirty days, showing cause why he should be allowed to proceed IFP in this action under the imminent danger exception in 28 U.S.C. § 1915(g). Plaintiff must also submit, within 30 days, a prisoner authorization form and amended IFP Application. These documents should be submitted to the Pro Se Intake Unit and bear the docket number 21-CV-2925 (CM). For Plaintiff's convenience, a

---

[3] Section 195(g) does not bar Plaintiff from bringing an action by prepaying the $402.00 in filing fees.

3

declaration form, prisoner authorization, and amended IFP Application are attached to this order.

If Plaintiff fails to respond to this order, or if his declaration does not show that the imminent

danger exception applies to this action, the Court will deny Plaintiff's IFP application and

dismiss this action without prejudice.

      SO ORDERED.

Dated:    April 7, 2021
          New York, New York

                                            COLLEEN McMAHON
                             Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

_____
Signature

_____
Name

_____
Prison Identification # (if incarcerated)

_____
Address                     City          State      Zip Code

_____
Telephone Number (if available)

_____
E-mail Address (if available)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____
(Full name(s) of the plaintiff or petitioner applying (each person
must submit a separate application)

-against-

_____

_____

_____
(Full name(s) of the defendant(s)/respondent(s).)

_____ CV _____ ( ) ( )

(Enter case number and initials of assigned judges, if
available; if filing this with your complaint, you will not
yet have a case number or assigned judges.)

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* ("IFP") (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*  ☐ Yes  ☐ No  (If "No," go to Question 2.)
   I am being held at: _____

   Do you receive any payment from this institution?  ☐ Yes  ☐ No

   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?  ☐ Yes  ☐ No

   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment   ☐ Yes   ☐ No
   (b) Rent payments, interest, or dividends   ☐ Yes   ☐ No

(c) Pension, annuity, or life insurance payments    ☐ Yes    ☐ No

(d) Disability or worker's compensation payments    ☐ Yes    ☐ No

(e) Gifts or inheritances    ☐ Yes    ☐ No

(f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.)    ☐ Yes    ☐ No

(g) Any other sources    ☐ Yes    ☐ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4.  How much money do you have in cash or in a checking, savings, or inmate account?

5.  Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6.  Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7.  List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8.  Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:*  I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

| | |
|---|---|
| _____ | _____ |
| Dated | Signature |
| _____ | _____ |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |

| | | | |
|---|---|---|---|
| _____ | City | State | Zip Code |
| Address | | | |

| | |
|---|---|
| _____ | _____ |
| Telephone Number | E-mail Address (if available) |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____
(full name of the plaintiff/petitioner)

-against-

_____

_____
(full name(s) of the defendant(s)/respondent(s))

CV _____ ( ) ( )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1)   because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed _in forma pauperis_ (IFP), that is, without prepayment of fees;

(2)   if I am granted IFP status, the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1)   send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2)   calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____          _____
Date                                                              Signature

_____
Name (Last, First, MI)                                          Prison Identification #

_____
Address                              City                State      Zip Code

_____

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 8/5/15