UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE ANTROBUS,

      Plaintiff,

   -against-

CITY OF NEW YORK; RIKERS ISLAND
CYNTHIA BRANN; WARDEN MICHELLE
HALLON,

      Defendants.

21-CV-2925 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, currently incarcerated at the Eric M. Taylor Center, brings this action *pro se*.

Plaintiff applies to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Antrobus v.*

*Wright*, No. 13-CV-3804 (LAP) (S.D.N.Y. Oct. 22, 2013). That order relied on 28 U.S.C.

§ 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

"[A] prisoner can proceed IFP even after incurring three strikes if his complaint alleges

an 'imminent danger of serious physical injury.'" *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir.

2010) (quoting 28 U.S.C. § 1915(g)).[1] There must also be "a nexus between the imminent danger

. . . and the legal claims asserted in [the] complaint." *Pettus v. Morgenthau*, 554 F.3d 293, 297(2d

Cir. 2009).

---

[1] A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). An imminent danger is one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

In his complaint, Plaintiff brought two unrelated claims. First, he alleged that he slipped and fell on March 18, 2021, because he was wearing sneakers issued by the New York City Department of Correction. (ECF 1 at 3.) He now wears a "makeshift boot," but he has not been issued a cane or "medical access item." (*Id*.) Second, Plaintiff alleged that on March 22, 2021, another inmate at EMTC attacked him with a stick and cut him with a shank. Plaintiff asserted a claim against the City of New York and officials at Rikers Island for the failure to protect him, and further alleged that his medical treatment consisted of a "used ice pack." (*Id*.) The medical unit did not take x-rays of Plaintiff's arm, and he allegedly "had to bandage" it himself. (*Id.*) Plaintiff sought damages.

By order dated April 7, 2021, the Court held that allegations of past violence can sometimes satisfy the imminent danger exception, such as when the past harms are part of an ongoing pattern of acts. (ECF 2 at 2 (citing *Chavis*, 618 F.3d at 169-170)). The Court therefore directed Plaintiff to file a declaration, within thirty days, showing cause why he should be allowed to proceed IFP for his claims – for denial of medical items and failure to protect from inmate assault – under the imminent danger exception in § 1915(g).

On April 26, 2021, Plaintiff filed a declaration. (ECF 5.) But in his declaration, Plaintiff describes events that are not only unrelated to those described in his complaint, but also took place in April 2021, after he filed the complaint in this action. Plaintiff asserts in the declaration that he is in imminent danger because correction officers assaulted him on April 7, 10, and 12, 2021, using "bear spray."[2] (ECF 5 at 1-2.) Plaintiff's declaration does not include any facts showing that he faces an imminent danger of serious physical injury in connection with the claims asserted in this complaint – for the denial of assistive medical devices and failure to

---

[2] Nothing in this order prevents Plaintiff from filing a new complaint arising from the events that occurred in April 2021.

2

protect from assault by another inmate on March 22, 2021. Plaintiff's declaration also does not demonstrate that the relief sought in the complaint (money damages) would remedy the danger. Plaintiff thus fails to show that he should be allowed to proceed IFP in this action under § 1915(g)'s imminent danger exception.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while a prisoner, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 30, 2021
New York, New York

COLLEEN McMAHON
United States District Judge

---

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).